UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARK SWALLEY, an individual, | ) |
| Plaintiff, | ) **NO. 3:17-CV-05513** |
| | ) **COMPLAINT** |
| v. | ) |
| | ) **JURY DEMAND** |
| SEAN J. STACKLEY, Secretary, Dept. of the Navy, | ) |
| Defendant. | ) |

COMES NOW Plaintiff Mark Swalley ("Plaintiff"), by and through his attorneys, Corr Downs PLLC, and hereby states and alleges as follows:

### I. PARTIES

1. Plaintiff was and is, at all times material hereto, a resident of Pierce County, Washington. Plaintiff was and is, at all times material hereto, a civilian employee of the Department of the Navy assigned to the Puget Sound Naval Shipyard and Intermediate Maintenance Facility ("PSNS").

2. At the time of the filing of this Complaint, Defendant Sean Stackley is the current Secretary of the Navy ("Defendant"). Plaintiff is suing Defendant in his official capacity as Secretary of the Navy, and the allegations and claims against Defendant include all predecessors who occupied the office of Secretary of the Navy during the relevant time frame.

COMPLAINT- 1
No. 3:17-cv-05513

**CORR|DOWNS PLLC**
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962-5040

## II. JURISDICTION AND VENUE

3. Jurisdiction is proper based on federal question jurisdiction under Title 28 U.S.C. § 1331.

4. Venue is proper within this district pursuant to Title 28 U.S.C. § 1391(b)(2).

5. Plaintiff has exhausted administrative remedies under Defendant's Equal Employment Opportunity regulations and policies.

## III. FACTS

6. In April 2016, Plaintiff was employed as a Continuous Improvement Manager with the Department of the Navy at PSNS in Bremerton, Washington. In that position, Plaintiff supervised 9-3 employees.

7. Upon returning from a weeklong vacation on April 9, 2016, Plaintiff had a voicemail message from another supervisor, Trenton Reynolds, regarding a confrontation between one of Plaintiff's subordinate employees and one of Reynolds' subordinate employees. Reynolds asked Plaintiff to contact him immediately.

8. PSNS' Equal Employment Opportunity and Anti-Harassment Policy dated August 7, 2015, states that:
> Reporting unlawful discrimination and harassment is a legally protected right. Supervisors and managers will notify me within 24 hours of receiving allegations of sexual harassment. This may be made through their chain of command, the EEO Office, Administrative Office, Human Resources Office (HRO), or the Command Evaluation and Review Office (CERO).

9. On April 11, 2016, Reynolds told Plaintiff that one of his female employees made a complaint of harassment against Joe Yarnall, a civilian employee on Plaintiff's team and the son of a senior manager in the L&H Department.

10. Plaintiff immediately called his direct supervisor, Deputy Division Head Kelvin Perez, to report the incident due to its sexual harassment nature. Unbeknownst to

COMPLAINT- 2
No. 3:17-cv-05513

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962-5040

1  Plaintiff at the time, Perez did not report the allegation to the Commanding Officer, Captain
2  Markle, per PSNS' and Defendant's EEO policies and procedures.

3      11.    Plaintiff continued to work with Reynolds to investigate the claim, obtain
4  witness statements, and ensure that the accuser and Yarnall did not have contact with one
5  another.

6      12.    On April 15, 2016, Plaintiff met with his human resources representative,
7  Andre Steele, about the sexual harassment complaint. Steele advised Plaintiff to ensure that
8  Yarnall had no contact with his accuser and to remove Yarnall from the training course in
9  which the incident occurred immediately. Steele also suggested that a 5-day suspension
10 would be appropriate progressive discipline.

11     13.    On April 18, 2016, Plaintiff reported the sexual harassment allegation to the
12 EEO. On that same day, Perez threatened Plaintiff's job and made remarks about curtailing
13 the investigation of Yarnall. Perez also suddenly informed Plaintiff that he was opening his
14 position for new applicants. Perez then stated to Plaintiff, "I do not know how to say this more
15 clearly; you are not to take any discipline actions against Joe."

16     14.    On April 19, 2016, Plaintiff reported the sexual harassment allegation against
17 Yarnall to Human Resources supervisor, Craig Wilkey, who confirmed it was clearly a
18 complaint of sexual harassment. However, Wilkey also failed to report the allegation to the
19 Commanding Officer.

20     15.    Later that same day, Plaintiff met with Rommel J. Iral and Chuck Horst of the
21 Command Evaluation and Review Office ("CERO") to report that he had been pressured not
22 to discipline Yarnall and subjected to reprisal for investigating the complaint against Yarnall.

23     16.    On May 18, Plaintiff reported to Perez and Scott Elliott that Yarnall had
24 sexually harassed him. Neither Perez nor Elliott reported the allegation to CO Markle.

25     17.    On May 20, 2016, Perez increased his retaliation against Plaintiff by
26 threatening to remove multiple employees from Plaintiff's supervision and blamed Yarnall's
27 behavior on Plaintiff's command structure. Perez went on to explain that he told Yarnall that

COMPLAINT- 3
No. 3:17-cv-05513

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962-5040

Plaintiff wanted him removed from his team, and that Yarnall would be moved to a different branch per Yarnall's request.

18. On May 23, 2016, Plaintiff notified CERO of the additional retaliatory actions taken against him for participating in a report of sexual harassment and the EEO process. The following day, CERO ordered Plaintiff to fill out an Inspector General Action Request, which he did. CERO then provided Plaintiff with a letter stating that PSNS would not investigate his allegations and that he should file a complaint with the Office of Special Counsel ("OSC") or the Inspector General Hotline if we wished to pursue his allegations further. CERO informed Plaintiff that Commanding Officer Markle had made the decision not to investigate his allegations. Obviously recognizing the difficult situation in which Plaintiff found himself, CERO added that "things would get worse for [him] and [he] needed to take very good notes."

19. On May 26, 2016, Plaintiff filed a complaint with OSC, but OSC informed Plaintiff on May 31, 2016 that it would not investigate as the efforts would be duplicative of the ongoing EEO process. Plaintiff then contacted the Shipyard EEO office to make an informal complaint of retaliation in connection with the prior complaint of harassment.

20. Throughout the late spring and summer of 2016, Defendant's retaliation continued in earnest against Plaintiff including, but not limited to, the following events:

20.1 Perez unfairly chastised Plaintiff about a meeting and then for a back injury Plaintiff suffered;

20.2 Perez unfairly criticized Plaintiff about an audit response and staff turnover, which Plaintiff did not cause;

20.3 Perez threatened that Plaintiff's engineers would not be promoted the GS-12 when eligible although all other eligible engineers in the department were promoted;

20.4 Perez unfairly chastised Plaintiff for having too many employees, and forbade him from backfilling two open positions;

COMPLAINT- 4
No. 3:17-cv-05513

**CORR|DOWNS PLLC**
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962-5040

20.5 Perez and another manager, Rob Gorman, refused to allow Plaintiff to backfill a vacant "blackbelt" qualified position on Plaintiff's team;

20.6 Ray Yarnall, father of Joe Yarnall, yelled at Plaintiff and ordered him to engage in conduct that Plaintiff believed would violate a collective bargaining agreement;

20.7 Perez and Gorman would not allow Plaintiff or his subordinate engineers to attend recommended training;

20.8 Perez and Tami Murphy (Budget/Contract/Admin. Manager) fabricated a story that Plaintiff took his branch to a "tavern" where they supposedly drank liquor all afternoon, and Perez ordered a disciplinary investigation against Plaintiff on that false basis;

20.9 After Plaintiff's team was stripped of employees, Perez and Elliott forbade Plaintiff from performing work in support of his mission and his "green belt" training.

21. On August 8, 2016, during informal mediation led by Kevin Ford, Plaintiff definitively learned for from Scott Elliott and human resources that no investigation was performed into his allegations of retaliation. Plaintiff was told the decision was made by the Commanding Officer, human resources, and PSNS's legal department.

22. The following day, Plaintiff emailed Captain Markle requesting a meeting to discuss why he had allegedly ordered that no investigation be conducted in direct contravention to controlling EEO & Anti-harassment Policies.

23. Only a few hours later, Deputy EEO Director Kevin Kirkpatrick contacted the mediator Kevin Ford to discuss "mixed messages" during the mediation. On August 10, 2016, Plaintiff met with Kevin Kirkpatrick about his concerns,

24. On August 16, 2016, Plaintiff filed a formal EEO complaint. That same day, Elliott, on behalf of the Commanding Officer, sent a response to Plaintiff's August 9, 2016 email to Captain Markle. Elliott stated that he had performed the required investigation.

COMPLAINT- 5
No. 3:17-cv-05513

25. On August 16, 2016, Plaintiff made a complaint to the Inspector General. Two months later, Plaintiff was informed by the Inspector General that it would not perform an investigation into his allegations.

26. On October 17, 2016, Plaintiff discovered that the PSNS&IMF EEO office, via a letter from Rick Tift, withheld from the DOD Investigator investigating his EEO Complaint over half of the allegations he referenced in his complaint. Upon inquiry from Plaintiff, the Investigator stated that she was only allowed to investigate those allegations provided by the EEO office.

27. Plaintiff then met with Jolene Wood at the PSNS EEO Office to request that all of the items in his EEO complaint be sent to the DOD Investigator.

28. On October 24, 2016, Elliott revealed that the investigation he had allegedly performed was not the prompt investigation required by policy and that Elliott only began his investigation after August 8, 2016. When Plaintiff requested a copy of the investigation, Elliott also refused to provide a copy stating that it was not in writing.

29. In early November 2016, Wood sent six more allegations to the DOD Investigator, but still omitted at least five allegations that set forth wrongdoing by Markle, human resources, and Elliott. Plaintiff met with Deputy EEO Director Kirkpatrick on November 11, 2016 to discuss the allegations and evidence being withheld from the DOD Investigator.

30. On November 18, 2016, Wood finally amended Plaintiff's EEO complaint to the DOD Investigator to include all of the allegations in Plaintiff's formal complaint.

31. Plaintiff suffered debilitating headaches, anxiety, and stress as a result of Defendant's conduct. Plaintiff's treating physician has stated that Plaintiff is disabled due to workplace stress induced cluster headaches. On April 1, 2017, Defendant placed Plaintiff on 200 days of leave.

COMPLAINT- 6
No. 3:17-cv-05513

**CORR|DOWNS PLLC**
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962-5040

## IV.  CLAIMS

### RETALIATION UNDER TITLE VII

29.     Plaintiff re-alleges and incorporates herein all preceding paragraphs in this Complaint as though set forth in full herein.

30.     Plaintiff participated in protected opposition activity and, therefore, is a member of groups protected under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., based on his protected opposition activity.

31.     As described above, Defendant retaliated against Plaintiff after Plaintiff brought forth complaints that another male employee was sexually harassing a female employee. The adverse actions that Plaintiff suffered by Defendant's actions included the creation of a hostile work environment; ostracizing Plaintiff from his co-workers, colleagues, and peers; fabricating false allegations against Plaintiff resulting in a baseless investigation against him; refusing to fill open positions under Plaintiff's supervision that had the effect of setting Plaintiff up for failure and denying Plaintiff the protections provided by statute, regulations and Navy policy.

32.     As a direct, foreseeable, and proximate result of Defendant's unlawful retaliation against Plaintiff for complaining about and reporting harassment, Plaintiff has suffered and continues to suffer past and future economic and non-economic damages in amounts to be proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

1.     That the Court award Plaintiff economic damages including, but not limited to, lost wages, front pay, back pay, lost benefits, adjustment for tax implications, and interest in amounts to be determined at trial;

2.     That the Court award Plaintiff non-economic damages, including but not limited to, past and future mental and emotional distress, pain and suffering, and loss of enjoyment of life resulting from Defendant's unlawful employment practices in an amount to be established at trial;

COMPLAINT- 7
No. 3:17-cv-05513

**CORR|DOWNS PLLC**
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962-5040

3. That the Court award Plaintiff attorneys' fees and costs pursuant to Title VII, the Rehabilitation Act, and other applicable law; and

4. That the Court award such other relief as the court deems appropriate.

DATED: July 6, 2017

                    CORR DOWNS PLLC

By */s/ Jacob M. Downs*
    Jacob M. Downs, WSBA No. 37982
    jdowns@corrdowns.com
    100 W. Harrison. St.
    N440
    Seattle, WA 98119
    Telephone: 206.962.5041

By */s/ Joseph P. Corr*
    Joseph P. Corr, WSBA No. 37982
    jcorr@corrdowns.com
    100 W. Harrison. St.
    N440
    Seattle, WA 98119
    Telephone: 206.962.5042
Attorneys for Plaintiff Mark Swalley

COMPLAINT- 8
No. 3:17-cv-05513

**CORR|DOWNS PLLC**
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962-5040

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a jury trial.

DATED: July 6, 2017

                              CORR DOWNS PLLC

By */s/ Jacob M. Downs*
    Jacob M. Downs, WSBA No. 37982
    jdowns@corrdowns.com
    100 W. Harrison. St.
    N440
    Seattle, WA 98119
    Telephone: 206.962.5041

By */s/ Joseph P. Corr*
    Joseph P. Corr, WSBA No. 37982
    jcorr@corrdowns.com
    100 W. Harrison. St.
    N440
    Seattle, WA 98119
    Telephone: 206.962.5042
Attorneys for Plaintiff Mark Swalley

COMPLAINT- 9
No. 3:17-cv-05513

**CORR|DOWNS PLLC**
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962-5040